WINFREE v. NORTHERN PAC. RY. CO.

(Circuit Court, E. D. Washington, E. D.    September 5, 1908.)

No. 1,344.

MASTER AND SERVANT (§ 87*)—EMPLOYER'S LIABILITY ACT—RETROACTIVE OPER-
ATION—"ACTION HEREAFTER BROUGHT."

The provisions of Act April 22, 1908, c. 149, 35 Stat. pt. 1, p. 65, relat-
ing to the liability of common carriers by railroad to their employés, are
prospective only in their operation, and the phrase "actions hereafter
brought," as used in section 3, does not apply to an action by an employé
for an injury received before the statute was enacted.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 87.*]

At Law.   On demurrer to complaint.

B. C. Mosby, for plaintiff.
Edward J. Cannon, for defendant.

WHITSON, District Judge.   It is alleged that the plaintiff's in-
testate met his death on the 3d day of July, 1906, through the wrong-
ful acts of the defendant while engaged as one of its employés, for
which damages are demanded.   Plaintiff relies upon the act of Con-
gress approved April 22, 1908, entitled "An act relating to the lia-
bility of common carriers by railroad to their employés in certain
cases."   35 Stat. pt. 1, p. 65, c. 149.

The point made by the defendant on demurrer to the complaint
is that the grievance complained of antedates the passage of the stat-
ute.   Passing over the familiar doctrine that the intention to give
a statute retroactive effect must clearly appear before it will be so
construed, we are confronted with a more serious phase of statutory
construction, namely, whether the defendant would be deprived of
rights which it enjoyed at the time of the accident by applying the
statute subsequently passed to the occurrences set out in the com-
plaint.

To sustain the action under the statute the decision of Judge Han-
ford in Plummer v. Northern Pacific Railway Company (C. C.)
152 Fed. 206, has been cited; but the holding in that case was that
the employer's liability act of June 11, 1906 (34 Stat. 232, c. 3073),
created "a new right and a new obligation," by reason of which it
could not be construed to operate retroactively.   In this view I fully
concur.   Certainly the explicit and sweeping provisions of the later
act are subject to no other construction.   Section 1 creates a liability
where none existed before, by providing for a recovery when injury
results in whole or in part "from the negligence of any of the of-
ficers, agents or employés of such carrier.   *   *   *"   Section 3 pro-
vides that contributory negligence shall not bar a recovery, while sec-
tion 4 is at least a radical modification of the rule relating to the as-
sumption of risk which existed prior to its adoption.

Here the plaintiff avowedly seeks to recover upon a state of facts
which would not have entitled him to a judgment at the time the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

right accrued. This would deprive the defendant of something substantial, and confer upon the plaintiff a benefit which was not existent and could not have been in contemplation of the parties when the relation of employer and employé was entered into. Since it cannot be supposed that Congress intended to disturb existing rights, it must be held that the statute was intended to be prospective in its operation, and that the language of section 3, "that in all actions hereafter brought," was intended to refer to causes of action arising after the passage of the act.

Demurrer sustained.